IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL DEWAYNE SMITH                                                              PLAINTIFF

v.                                        Civil No. 4:18-cv-04111

WARDEN JEFFIE WALKER, Miller
County Detention Center; SHERIFF
JACKIE RUNION, Miller County,
Arkansas; CORPORAL BROWN,
Miller County Detention Center                                                     DEFENDANTS

## ORDER

Plaintiff Michael Dewayne Smith filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on August 1, 2018. (ECF No. 1). On September 6, 2018, Plaintiff filed an Amended Complaint. (ECF No. 8). Before the Court is a Motion to Dismiss filed by Defendants. (ECF No. 20). Plaintiff has not responded to the motion and the time to do so has passed. The court finds this matter ripe for consideration.

On March 26, 2019, Defendants filed the instant motion asking the Court to dismiss this case because Plaintiff failed to attend his deposition on March 13, 2019. Counsel for Defendants represent that notice of the deposition was mailed to Plaintiff at his address of record on February 25, 2019. The notice was not returned, and Plaintiff made no attempt to contact Defendants' counsel prior to the date of the deposition to reschedule. On March 26, 2019, the Court issued an order directing Plaintiff to show cause by April 8, 2019, as to why he failed to attend his deposition. The order informed Plaintiff that failure to show cause would result in his case being dismissed for failure to prosecute. (ECF No. 22). To date, Plaintiff has not responded to the Court's order, and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). In addition, Federal Rule of Civil Procedure 37 (d)(1)(A)(i) provides for sanctions, including dismissal of the action, against a party who fails to appear for his or her deposition after the party has been served with proper notice.

Plaintiff has failed to appear for his deposition and has failed to obey an order of the Court. Therefore, pursuant to Federal Rules of Civil Procedure 37(d) and 41(b), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED.** Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge